OPINION OF THE COURT. On the 6th of June last, the notice of appeal in this case was entered in the district court. The record was filed a day or two since, and a motion is now made by the appellant to continue the cause.

The rule on this subject declares, "that eight days' notice of hearing on appeal shall in all cases be given, by the service thereof on the adverse party, or on his proctor. When an appeal from a decree in the district court is interposed less than twenty days before the next stated session of this court, the appellee may, at his option, notice the cause for hearing at such session, on the first or either day thereof, or have the same continued to the next stated session. When an appeal from the decree of the district court is interposed, twenty days before the next stated session of this court, it may be noticed for hearing at such session by either party."

As this case was appealed within less than twenty days before this term, the appellee has a right to notice the cause for hearing on the first day of court, or to continue it as he may prefer. This avoids delay and is just. If the appellant do not file the record in time, the other party may continue the cause. The motion for a continuance is overruled.

BACKUS, (MILLER'S FALLS CO. v.) See Case No. 9,598.

BACKUS, (UNITED STATES v.) See Case No. 14,491.

## Case No. 714.

### BACON v. BANCROFT.

[1 Story, 341;[1] 3 Law Rep. 386.]

Circuit Court, D. Massachusetts. Oct. Term, 1840.

CUSTOMS DUTIES—GUNNY CLOTH—COMMERCIAL USAGE.

The tariff being a statute regulating commerce, the terms of it must be construed according to commercial usage and understanding. In this case, it was submitted to the jury, to determine, whether gunny cloth and cotton bagging were different articles of commerce.

[Cited in U. S. v. Wotton, 53 Fed. 346.]

[See Curtis v. Martin, 3 How. (44 U. S.) 106; Elliott v. Swartwout, 10 Pet. (35 U. S.) 151; Arthur v. Morrison, 96 U. S. 111.]

At law. This was an action [by Samuel C. Bacon] against the defendant, [George Bancroft,] as collector of the port of Boston, to recover back the amount of duties, paid under protest, upon a quantity of gunny cloth, imported by the plaintiff, and by the collector charged with the duty on cotton bagging. [Verdict for plaintiff.]

It was agreed, that gunny cloth was imported and used extensively for the purpose of covering cotton in bales, and as a substitute for the article commonly known as cotton bagging. And it was submitted to the jury, under the instruction of the court, to find, whether the article in question was that known in commerce as cotton bagging, or was another and different article. It appeared by the testimony, that cotton bagging and gunny cloth were both well known in this country before the passing of the tariff, and that they were considered as different articles of commerce, and known by different names.

Dexter, for plaintiff. Mills, Dist. Atty., for defendant.

Before STORY, Circuit Justice, and DAVIS, District Judge.

STORY, Circuit Justice, instructed the jury, that the tariff being a statute, regulating commerce, the terms of it must be construed according to commercial usage and understanding; and that if they found, of which there appeared no doubt, the evidence being uniform to that effect, that the two articles were understood and known among merchants to be different articles of commerce, and that the article in question had not been known in commerce as cotton bagging, it was not subject to the duty, whatever might be the use to which it had been applied.

The jury immediately returned a verdict for the plaintiff.

BACON, (DE BUTTS v.) See Case No. 3,717.

BACON, (DEN v.) See Case No. 3,783.

BACON, (HURLIKI v.) See Case No. 6,921.

BACON, (LEMON v.) See Case No. 8,241.

BACON, (RINGGOLD v.) See Case No. 11,842.

## Case No. 715.

### BACON v. STARK.

[2 Sawy. 644.]

[See note to Starr v. Stark, Case No. 13,317.]

BACON, (UNITED STATES v.) See Case No. 14,492.

BACON, (VOWELL v.) See Case No. 17,018.

## Case No. 716.

### In re BADENHEIM et al.

[15 N. B. R. 370.]

Circuit Court, S. D. Mississippi. Nov., 1876.

BANKRUPTCY — ASSIGNMENT — JUDGMENT LIENS—PRIORITY—COMMENCEMENT OF PROCEEDINGS.

[1. A judgment lien operates only upon such property as is subject to levy and sale under legal process issued for its payment, and therefore does not operate upon property which is at the time in the possession of the sheriff under attachments. Such attachments are dis-

---

[1] [Reported by William W. Story, Esq.]